UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TYREE FORD,

    Plaintiff,

v.                                                                 Case No: 2:21-cv-194-JLB-NPM

M.S. FRONK, D.T. FRANTZ, and
A.S. KOSTERA,

    Defendants.
_____/

### ORDER[1]

Defendants M.S. Fronk, D.T. Frantz, and A.S. Kostera move to dismiss (Doc. 11) Plaintiff Tyree Ford's Second Amended Complaint (Doc. 6). Defendants contend the Second Amended Complaint does not meet the minimum pleading requirements of the Federal Rules of Civil Procedure and must be dismissed. (Doc. 6 at 4–6.) Mr. Ford's response was due on or before February 9, 2022 (Doc. 32), but he has neither filed a response nor requested an extension of time to do so. Accordingly, pursuant to Local Rule 3.01(c), the Court will treat the motion as unopposed.

After careful review, the Court **GRANTS** Defendants' motion to dismiss (Doc. 11). Mr. Ford's Second Amended Complaint (Doc. 6) is **DISMISSED without prejudice**.

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND[2]

Mr. Ford, proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. (Doc. 6.) Mr. Ford alleges that, while he was on a service call for "the mobile YoutherMechanic," he was accosted at gunpoint by a person who identified himself as "security." (Id. at 4.) Members of the Cape Coral Police Department subsequently arrived on the scene. (Id.) Mr. Ford contends that Defendants violated his Fourth and Fourteenth Amendment rights by handcuffing him, threatening him with jail, conspiring "to solicit charger [sic] of burglary and trespassing," humiliating him, and refusing to "take a report or view video evidence" when Mr. Ford "wanted charges for aggravated assault on the security guard." (Id.) Mr. Ford seeks $100,000 in damages for the alleged physical and psychological injuries he suffered. (Id. at 5.)

## DISCUSSION

Defendants contend Mr. Ford's Second Amended Complaint fails to state a claim upon which relief may be granted, and they argue that the Second Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). (Doc. 11 at 1, 3.) But in substance, they attack the Second Amended Complaint as a shotgun pleading. (Id. at 4–6); see also Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357–58 (11th Cir. 2018) (instructing that a shotgun pleading should be stricken even if a party does not move to strike the pleading). Because the Second

---

[2] The Court accepts as true the factual allegations as pleaded in the Second Amended Complaint, as it must when considering a motion to dismiss. See Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1198–99 (11th Cir. 2012) (per curiam).

Amended Complaint fails to notify Defendants of the claims against them or the grounds on which those claims rest, dismissal is appropriate.

Federal Rules of Civil Procedure 8 and 10 establish the minimum pleading requirements. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). And Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Taken together, as explained by the Eleventh Circuit, Rules 8 and 10

> require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

Courts hold the pleadings of pro se litigants to a less stringent standard than pleadings drafted by attorneys. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). But courts do not have a duty to "rewrite" a pro se litigant's complaint to find a claim. See Washington v. Dep't of Children & Families, 256 F. App'x 326, 327 (11th Cir. 2007) (per curiam).

Shotgun pleadings violate the pleading rules by failing to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323

(11th Cir. 2015).  The Eleventh Circuit has identified four varieties of shotgun pleadings: (1) a pleading in which multiple counts each adopt the allegations of all preceding counts; (2) a pleading that uses conclusory, vague, and immaterial facts unconnected to a particular cause of action; (3) a pleading that fails to separate each cause of action or claim for relief into distinct counts; and (4) a pleading that combines multiple claims against multiple defendants without specifying which defendant is responsible for which act, or which defendant a claim is brought against.  See id. at 1321–23.

    Here, the Second Amended Complaint fails to separate Mr. Ford's causes of action—various section 1983 claims based on alleged violations of the Fourth and Fourteenth Amendments—into distinct counts, and it fails to describe the specific conduct of each Defendant so that it is clear which Defendant is responsible for which act, or which claims are brought against which Defendant.  See id. at 1322–23.

    In short, the confusing allegations fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.  Without more specificity, Defendants cannot be expected to discern what Mr. Ford is claiming or to frame a responsive pleading, and the Court cannot determine which facts support which claims and whether Mr. Ford has stated any claims upon which relief can be granted.  The Second Amended Complaint is deficient and must be dismissed.

Defendants do not ask the Court to dismiss the Second Amended Complaint with prejudice; they state Mr. Ford should replead his claims in a manner consistent with the Federal Rules of Civil Procedure. (Doc. 11 at 3.) Upon careful review, the Court agrees that dismissing the Second Amended Complaint without prejudice is warranted to allow Mr. Ford one final opportunity to amend.[3]

## CONCLUSION

For the reasons stated above, it is **ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 11) is **GRANTED**.

2. Mr. Ford's Second Amended Complaint (Doc. 6) is **DISMISSED without prejudice**.

3. Mr. Ford may file a third amended complaint consistent with this Order on or before April 15, 2022. If he fails to timely file a third amended complaint, the Court will dismiss this action without further notice. The Court stresses that it will permit no further amended complaints.

**ORDERED** in Fort Myers, Florida this 28th day of March, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[3] Mr. Ford has already tried to file a third amended complaint. (Doc. 19.) In an order striking that complaint and denying Mr. Ford's motion to proceed in forma pauperis, the Magistrate Judge thoroughly examined Mr. Ford's allegations, found them to be frivolous, and determined that they failed to state a claim. (Doc. 32.) Mr. Ford should take the Magistrate Judge's assessments into account should he decide to file a third amended complaint.